IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR EVERLOVE, | Case  No. C09-5361 LHK |
| Plaintiff, | Civil Rights |
| v. | |
| TEXAS TURKEYS, INC. dba ARMADILLO WILLY'S BBQ; JOHN M. FILICE, JR.; CRAIG P. FILICE; AND DOES 1-10, INCLUSIVE, | **CONSENT DECREE AS MODIFIED BY COURT AND ORDER** |
| _____/ | |

1.     Plaintiff VICTOR EVERLOVE filed a Complaint in this action on November 13, 2009, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants TEXAS TURKEYS, INC. dba ARMADILLO WILLY'S BBQ; JOHN M. FILICE, JR.; and CRAIG P. FILICE, relating to the condition of their public accommodations as of July 8, 2008, and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55, and California Health & Safety Code sections 19955 *et seq.* by failing to provide full and equal access to their facilities at Armadillo

1   Willy's BBQ Restaurant (hereinafter sometimes "Restaurant"), located at 2180

2   41st Ave., Capitola, California.

3   2.      Defendants  TEXAS TURKEYS, INC. dba ARMADILLO WILLY'S BBQ;

4   JOHN M. FILICE, JR.; and CRAIG P. FILICE deny the allegations in the

5   Complaint and by entering into this Consent Decree and  Order do not admit

6   liability to any of the allegations in Plaintiff's Complaint filed in this action.

7   Plaintiff VICTOR EVERLOVE and defendants TEXAS TURKEYS, INC. dba

8   ARMADILLO WILLY'S BBQ; JOHN M. FILICE, JR.; and CRAIG P. FILICE,

9   hereinafter collectively, "the parties," hereby enter into this Consent Decree and

10  Order for the purpose of resolving this lawsuit without the need for protracted

11  litigation and without the admission of any liability.

12  3.      The parties agree that Pizza My Heart, Inc., is included as a party to this

13  Consent Decree and  Order and all terms, including but not limited to releases,

14  apply to it equally as to any other party.  The term "defendants" includes Pizza My

15  Heart, Inc., as well as the named defendants.

16  **JURISDICTION:**

17  4.      The parties to this Consent Decree and Order agree that the Court has

18  jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations

19  of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.,*

20  and pursuant to supplemental jurisdiction for alleged violations of California

21  Health & Safety Code sections19955 *et seq.*; Title 24, California Code of

22  Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

23  5.      In order to avoid the costs, expense, and uncertainty of protracted litigation,

24  the parties to this Consent Decree and  Order agree to entry of this Order to

25  resolve all claims  raised in the Complaint filed with this Court.  Accordingly, they

26  agree to the entry of this Order without trial or further adjudication of any issues

27  of fact or law.

28          WHEREFORE, the parties to this Consent Decree and  Order hereby agree

and stipulate to the Court's entry of this Consent Decree and  Order, which

1   provides as follows:

2

3   **SETTLEMENT OF INJUNCTIVE RELIEF:**

4   6.      This Order shall be a full, complete, and final disposition and settlement of

5   Plaintiff's claims against Defendants.  The parties agree that there has been no

6   admission or finding of liability or violation of the ADA and/or California civil

7   rights laws, and this Consent Decree and  Order shall not be construed as such.

8   7.      The parties agree and stipulate that the corrective work will be performed in

9   compliance with the standards and specifications for disabled access as set forth in

10  the California Code of Regulations, Title 24-2, and the Americans with

11  Disabilities Act Accessibility Guidelines, unless other standards are specifically

12  agreed to in this Consent Decree and  Order.

13  8.      **Remedial Measures:**  Defendants agree to perform corrective work at the

14  Restaurant, located at 2180 41st Ave., Capitola, California.  The scope of the

15  corrective work agreed upon by the parties is delineated in **Attachment A.**

16  9.      **Timing of Injunctive Relief**:    All work not requiring permits shall be

17  completed within 30 days of defendants' signatures on this Consent Decree and

18  Order.  For work requiring permits, all permit applications will be submitted

19  within 30 days of  defendants' signatures on this Consent Decree and  Order.

20  Work will be completed within 30 days of permits being received.  In the event

21  that unforeseen difficulties prevent Defendants from completing any of the

22  agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's

23  counsel in writing within **10 DAYS** of discovering the delay.  Defendants or their

24  counsel will notify Plaintiff's counsel when the corrective work is completed, and

25  in any case will provide a status report **TO PLAINTIFF'S COUNSEL** no later

26  than 120 days from the entry of this Consent Decree and  Order.  **WITHIN 30**

27  **DAYS OF THE STATUS REPORT PROVIDED TO PLAINTIFF'S**

28  **COUNSEL, COUNSEL FOR BOTH PARTIES SHALL FILE A JOINT**

**STATUS REPORT WITH THE COURT CONFIRMING, AFTER A JOINT**

**SITE INSPECTION, THAT THE CORRECTIVE WORK IS COMPLETED, OR IF NOT COMPLETED, INFORMING THE COURT OF THE DEADLINE BY WHICH THE REMAINING WORK WILL BE COMPLETED.  THE JOINT STATUS REPORT FILED WITH THE COURT SHALL BE SIGNED BY COUNSEL FOR BOTH PARTIES.**

**DAMAGES AND  ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

10. The parties have reached an agreement as to plaintiff's damages.  Defendants shall pay to Plaintiff the amount of seven thousand, five hundred dollars and No/100 ($7,500.00) as full and final resolution of Plaintiff's claims for all statutory, actual, and personal injury damages, including, but not limited to, general, compensatory, and special damages.  Payment shall be made by one check made payable to "Paul L. Rein in Trust for Victor Everlove."  Payment shall be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 no later than March 2, 2011.

11.     The parties also have reached agreement about payment of Plaintiff's attorney fees, litigation expenses and costs.   Defendants shall pay to Plaintiff the amount of sixty-five thousand dollars and No/100 ($65,000.00) as full and final resolution of Plaintiff's claims for all attorney fees, litigation expenses and costs. Payment shall be made by one check made payable to "Paul L. Rein."  Payment shall be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 no later than March 15, 2011.

**ENFORCEMENT:**

11.     If defendants fail to perform the injunctive relief, or fail to perform in the time frame stated without showing good cause, or fail to pay the damages, attorney fees, litigation expenses and costs timely, defendants will pay all of Plaintiff's reasonable attorney fees, litigation expenses and costs involved in enforcing this Consent Decree and  Order.

**ENTIRE CONSENT DECREE AND ORDER:**

12.     This Consent Decree and Order and Attachment A to this Consent Decree and Order, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing parties on the matters of injunctive relief, damages, attorney fees, litigation expenses and costs.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

13.     This Consent Decree and Order shall be binding on the parties and all successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

14.     Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the parties intend that this Consent Decree apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as

follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

15.    Except for all obligations required in this Consent Decree and Order, each of the parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

16.    This Consent Decree and Order shall be in full force and effect for a period of sixty (60) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for sixty (60) months after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

17.    If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

18.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**STIPULATION OF DISMISSAL WITH PREJUDICE**

**19**.     **THE PARTIES SHALL FILE A STIPULATION OF DISMISSAL WITH PREJUDICE BY FRIDAY, APRIL 22, 2011.  AS STATED IN PARAGRAPH 16, HOWEVER, THE COURT WILL RETAIN JURISDICTION TO ENFORCE THE PROVISION OF THE CONSENT DECREE FOR SIXTY (60) MONTHS.**

Dated: March 3, 2011          PLAINTIFF VICTOR EVERLOVE

                              _/s/ Victor Everlove_____
                              VICTOR EVERLOVE

Dated: March 14, 2011         DEFENDANT  TEXAS TURKEYS, INC. dba
                              ARMADILLO WILLY'S BBQ

                      By:   ___/s/ Robert Deagan_____
                              (Print name: _____)

Dated: March 15, 2011         DEFENDANT JOHN M. FILICE, JR.

                      By:   ____/s/ John Felice_____

Dated: March 15, 2011         DEFENDANT CRAIG P. FILICE

                      By:   ___/s/ Craig Felice_____

1

2

3   Dated: March 14, 2011          PIZZA MY HEART, INC.

4
                                    By:    _____/s/ Charles Hammens_____
5                                         (Print name: _____)

6   APPROVED AS TO FORM:

7   Dated: March 15, 2011          PAUL L. REIN
                                    CELIA McGUINNESS
8                                   CAT CABALO
                                    LAW OFFICES OF PAUL L. REIN
9

10
                                    By: __/s/ Celia McGuinness_____
11                                  Attorneys for Plaintiff
                                    VICTOR EVERLOVE
12

13

14  Dated: March 15, 2011          JAMES A. SARRAIL
                                    SARRAIL, CASTILLO & HALL
15

16
                                    ____/s/ James Serrail_____
17                                  Attorneys for Defendants TEXAS TURKEYS,
                                    INC. dba ARMADILLO WILLY'S BBQ; JOHN
18                                  M. FILICE, JR.; CRAIG P. FILICE

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

Pursuant to stipulation and as modified by the Court, and for good cause shown, IT IS SO ORDERED.

Dated: April 15, 2011

_____
Honorable LUCY H. KOH
United States District Judge

**VICTOR EVERLOVE v. TEXAS TURKEYS, INC., et. al**
**(Northern District of California) Case No. C09-5361 LHK**

**ATTACHMENT A TO CONSENT DECREE AND ORDER**

The parties agree and stipulate that the following corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the 2007 California Code of Regulations, Title 24-2 and 1992 Americans With Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to herein.  Defendants agree to install and maintain the following features:

**1.    Accessible Route From the Boundary of the Site to the North Entrance**

Create an accessible route between the boundary of the site and the north entrance having a  minimum of 36" clear width, which is level within 2% slope and cross-slope, no  vertical changes in elevation along its entire length that exceeds ½" and has a stable, firm and slip resistant surface along its entire length.

2.    **Accessible Parking on the Site**

> a.    Provide two accessible parking spaces, including at least one that is designated as a van accessible, located along an accessible route to the restaurant;
>
> b.    Provide a sign at the end of each designated accessible parking space, which informs individuals that parking illegally in designated accessible parking spaces may result in having their car towed and gives individuals the location and phone number where their towed vehicles may be retrieved;
>
> c.    A fully complying curb ramp shall be provided in the accessible route between the parking spaces and the facility, including a slope not greater than 8.33%, a level landing of 48 inches square and flared sides not greater than 10%.
>
> d.    The parking spaces and their unloading zones will be level within 2%.
>
> e.    The van-accessible space will have an adjoining unloading zone that is a minimum of 96" wide
>
> f.    Both spaces will have a 36"- square international symbol of accessibility painted at the base of the parking space and the words NO PARKING painted on the ground within the loading and unloading access aisle which is painted in white letters that are no less than 12" high and located so that it is visible to traffic enforcement officials.

3.     The take-out window will not be used for customer service.  If it is used for customer service in the future, defendants will make both the window and the path of travel to the window accessible.

4.    Exterior Dining Tables: Defendants will make 5% of exterior seating accessible but not less than one table.

5.    Interior dining tables: Defendants will make 5% of interior seating accessible, distributed throughout the restaurant.

6.    Doors: Defendants will adjust the push pressure of all doors so that it does not exceed 5 pounds.  It will establish a written policy to maintain the doors at 5 lbs or less push pressure by checking them every six months, and more often if complaints are made.

7.    Floor Mats:  Defendants shall provide floor and/or walk-off mats that are stiff enough to keep the mats from buckling up under the load generated by a wheelchair, walker or other mobility assistive device; or shall attached all floor and/or walk-off mats firmly to the floor.

8.    Service Counter: Defendants will provide a service counter no more than 34" above the finished floor.  Defendants will place the cash register as close to the pizza displays as possible.  Defendants will not place any item on the counter other than the cash register and pizza displays.  Other than the pizza displays and cash register, defendants will strive to keep the counter clear and useable at all times for a distance as close as possible to 36".

9.    Self-service drink counter: The drink counter will be not higher than 34" above the finished floor, the maximum reach across an obstruction no greater than  24" and the maximum height of an object shall be no higher than 54" above the finished floor.

10.    Bathrooms: Defendants will remediate both the men's and women's restrooms to include:

    a.    Both ADA and Title 24 signage;
    b.    Clear turning radius of 60";
    c.     Insulated p-traps in the sinks,
    d.    Towel, soap and toilet seat cover dispensers hung no more than 40" high and in a clear 30" by 48" space;
    e.    The baby changing table hung no higher than 34" above the finished floor
    f.    A written policy not to place garbage cans to impinge upon the accessible path of travel and strike side door clearance;
    g.    A urinal alcove no deeper than 24";
    h.    The minimum distance between the front face of the sink and the face of the p-trap is 11".
    i.    The mirror will be hung no higher than 40" above the finished floor;
    j.    The accessible toilet cubicles will have self-closers installed;
    k.    The toilets will be set 18" on center from the wall;
    l.    The coat hook will be hung no higher than 48" above the finished floor;
    m.    Restroom doors: Defendants will remediate the restroom doors by one of the following methods:
        i.    Making both entry doors swing out; or
        ii.    Converting the men's restroom to a single-occupancy restroom, in which case the men's entry door would swing in and the women's entry door would swing out; or
        iii.    Converting the women's restroom to a single, side-entry stall, in which case the women's entry door would swing in and the men's entry door would swing out.

11.    Defendants represent that they have modified both restrooms to be fully code-compliant single-occupancy restrooms and therefore items 10(j) and 10(m)(ii) and (iii) are moot.  Defendants also commit to maintain the facilities in an accessible condition.